PATRICK J. CARROLL, PLAINTIFF IN ERROR, v. CENTRAL RAILROAD OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 5, 1910—Decided March 15th, 1911.

Where there is a substantial dispute as to the facts or the inferences to be drawn therefrom, it is not the province of the court to determine with whom the preponderance of evidence lies; that is for the jury to determine.

On error to the Supreme Court.

For the plaintiff in error, *Griggs & Harding.*

For the defendant in error, *George Holmes.*

The opinion of the court was delivered by

SULLIVAN, J. This is a writ of error to the Supreme Court.

At the close of defendant's case, a verdict was rendered, by direction of the court, in favor of defendant.

The action was brought to recover damages for personal injury sustained by the plaintiff, which, he alleges, was caused by the sudden and violent jerking of a passenger train of defendant in the act of starting, while plaintiff was attempting to alight therefrom, at Red Bank, New Jersey, at about one-fifteen o'clock in the morning. Plaintiff's testimony is the only direct evidence; no one saw the accident. Plaintiff testified that when the train arrived at Red Bank and stopped to discharge passengers he, with two companions, arose from their seats and walked to the front platform of the car in which they were riding, which was the first car of the train; that plaintiff's companions were ahead of him; that they had alighted and were walking away while he was descending the steps of the car; that as he was about to step from the second step the train, without warning, violently started and threw him to the ground, rendering him unconscious and causing the injuries for which he brought suit. His two companions

testified that they immediately preceded plaintiff out of the car, that they had gotten off and were walking away when "the train started off at unusual speed, very fast for a train to start;" that it "started up quite rapidly," "quite quick," "something out of the ordinary."

The defendant's evidence tended to show that there was no premature or violent starting of the train. The train crew denied it. Two policemen testified that they did not notice any unusual start or jerk, but that there was nothing in particular to call their attention to the manner of the start. The defendant's evidence further tended to show that plaintiff had made admissions to various persons that he had jumped off the train while it was in motion and after it had left the station at Red Bank, going south, and insisted that testimony that blood and particles of flesh were found at a point about four hundred feet south of the depot was corroborative of these admissions. The plaintiff denied the admissions, and his companions explained the presence of the blood and flesh at the point indicated, by testimony to the effect that plaintiff was picked up by them after the accident and carried to the point indicated, which was near a cross street, where they laid him down and then went to summon assistance.

The ground of the motion to direct was "that the preponderance of evidence shows no negligence on the part of the defendant."

The trial judge, in granting the motion, discusses the evidence and concludes: "Consequently, if that is the situation, if I have made a fair analysis of it, how can a fair-minded man say that the evidence of the plaintiff, and his two witnesses—neither one of them having seen him fall, and they speaking of the starting of the train as being 'very fast,' 'quite fast,' 'quite rapid,' or 'out of the ordinary'—how can we say that the preponderance of evidence is in favor of the plaintiff's contention? The law of this state says that where I believe the upper court will not permit the verdict to stand, it is not my prerogative, it is my absolute duty, to take the case from the jury. I will grant the motion. Take a verdict for the defendant."

In this conclusion the court erred. Where there is a substantial dispute as to the facts or the inferences to be drawn therefrom, it is not the province of the court to determine with whom the preponderance of evidence lies; that is for the jury to determine.

In *Crosby* v. *Wells,* 44 *Vroom* 790 (at *p.* 800), this court states the rule as to when the trial court should direct a verdict, and when not, as follows:

"Firstly, the trial court should direct a verdict, when any number of verdicts, if found otherwise than as ordered, would be set aside as without sufficient evidence to support them. *Hartman* v. *Alden, Executrix,* 5 *Vroom* 518, 522; *Baldwin* v. *Shannon,* 14 *Id.* 596, 602, 603; *Crue* v. *Caldwell,* 23 *Id.* 215, 218; *McCormack* v. *Standard Oil Co.,* 31 *Id.* 243, 245; or when the testimony in the case will not support any other verdict, as in *Loper* v. *Somers,* 42 *Id.* 657, 661. Secondly, the trial court cannot direct a verdict when any material facts which the parties have been permitted to introduce are in dispute. See *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342, 345; *Baumann* v. *H. A. Packet Co.,* 38 *Id.* 250, 254." See, also, *Meyers* v. *Birch,* 30 *Id.* 238.

From an examination of the testimony in this case, it is apparent that a verdict for plaintiff founded thereon would not be set aside as without sufficient evidence to support it. The plaintiff's testimony and that of his companions made out a case of liability on the part of the defendant; there was no admitted or manifest circumstance that made that testimony incredible; it was contradicted by defendant in many particulars, but on a motion for a direction of a verdict in favor of defendant any disputed question of fact must be resolved in favor of the plaintiff. *McGrath* v. *North Jersey Street Railway Co.,* 37 *Vroom* 312.

There were material facts in dispute. It was very material whether plaintiff received his injury in the manner detailed by himself and his witnesses, or whether he was injured while attempting to jump from a moving train, and it was for the jury and not the court to determine the facts.

The judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, SULLIVAN, JJ.   15.